## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

**U.S. BANK NATIONAL ASSOCIATION,**
**AS TRUSTEE FOR THE REGISTERED**
**HOLDERS OF AEGIS ASSET BACKED**
**SECURITIES TRUST, MORTGAGE**
**PASS-THROUGH CERTIFICATES,**
**SERIES 2005-5**

       **Plaintiff**

**v.**                                                             **CASE No. _____**

**GILBERT LANTINI, II; PROVIDENCE**
**WATER SUPPLY BOARD ACTING BY**
**AND THROUGH THE CITY OF PROVIDENCE**

       **Defendants**
_____/

### COMPLAINT FOR DECLARATORY JUDGMENT AND
### OTHER RELIEF
I.

### INTRODUCTION

U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust, Mortgage Pass-Through Certificates, Series 2005-5, files this complaint for a judgment pursuant to R.I. Gen. Laws §9-30-1, et seq., declaring, inter alia, that the provisions of R.I. Gen. Laws § 34-27-3.2 and particularly but without limitation subsection (d) thereof do not apply to the mortgage held by the Plaintiff and encumbering property owned by the Defendant, Gilbert Lantini, II, at 2075 Plainfield Pike, Johnston, Rhode Island ("the Property") because such Property was not Lantini's principal residence during the relevant default period or at any time thereafter. In the alternative, Plaintiff seeks other relief as set forth herein.

II.

PARTIES

1.      Plaintiff, U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust, Mortgage Pass-Through Certificates, Series 2005-5 ("U.S. Bank"), is a national bank chartered and existing under the laws of the United States of America, with a principal place of business at 425 Walnut Street, Cincinnati, OH 45202.

2.      Defendant, Gilbert Lantini, II, is an individual who, upon information and belief, resides at 94 Taylor Drive, North Smithfield, RI 02896.

3.      Defendant, Providence Water Supply Board, acting by and through the City of Providence ("PWSB"), is a department of a municipal entity organized and existing under the laws of Rhode Island with a principal place of business located at 552 Academy Avenue, Providence, RI 02908.

III.

JURISDICTION AND VENUE

4.      The Court has original jurisdiction over this action involving U.S. Bank's right, title and interest in the subject property pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between the Plaintiff and the Defendants and the amount in controversy is more than $75,000.00 in that the outstanding balance due and owing on the mortgage which U.S. Bank now seeks to foreclose exceeds $230,000.00.

5.      Venue is proper under 28 U.S.C. § 1391(b)(2) as the Property is located in Rhode Island.

IV.

FACTS

6.      The Defendant, Gilbert Lantini, II ("Lantini"), acquired title to the Property known as 2075 Plainfield Pike, Johnston, Rhode Island (the "Property") by Warranty Deed dated August 6, 2004 and recorded with the Town of Johnston Land Evidence Records (the "LER") on the same day in Book 1443, Page 186.

7.      Lantini secured a mortgage loan from Aegis Funding Corporation on August 23, 2005 (the "Loan").

8.      This mortgage loan is evidenced by a promissory note in the original principal amount of $264,000.00 dated August 23, 2005, given by Lantini to Aegis Funding Corporation (the "Note"). The Note contains a special indorsement by Aegis Funding Corporation to Aegis Mortgage Corporation and a further indorsement in blank by Aegis Mortgage Corporation. U.S. Bank is the holder of the Note and it or its designated document custodian has physical possession of the Note. A true and accurate copy of the Note is attached hereto as Exhibit 1.

9.      The Note is secured by a mortgage given by Lantini to Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Aegis Funding Corporation, encumbering the Property in the original principal amount of $264,000.00 dated August 23, 2005 and recorded with the LER on August 29, 2005, in Book 1609, Page 272 (the "Mortgage"). A certified copy of the Mortgage is attached hereto as Exhibit 2[1].

10.      The Mortgage was assigned by the mortgagee of record, Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Aegis Funding Corporation, to the Plaintiff, U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset

---

[1] As pleadings are filed electronically, the exhibits referred to herein are copies of certified documents and the loan number has been redacted for the borrower's protection. Undersigned counsel is prepared to produce the original certified documents for the Court's inspection upon request.

Backed Securities Trust, Mortgage Pass-Through Certificates, Series 2005-5, by assignment dated May 12, 2010 and recorded with the LER on May 26, 2010 in Book 2073, Page 9. A certified copy of the Assignment is attached hereto as Exhibit 3.

11.     Title to the Property is further encumbered by a Collector's Deed in favor of the Defendant, Providence Water Supply Board acting by and through the City of Providence in the original principal amount of $1,017.54 and recorded with the LER on October 13, 2016 in Book 2541, Page 235.

12.     Ocwen Loan Servicing, LLC ("Ocwen"), as servicer of the Loan for U.S. Bank, entered into a Loan Modification Agreement with Lantini with an effective date of March 1, 2011 (the "Modification"). A true and accurate copy of the Modification is attached hereto as Exhibit 4.

13.     Under the terms of the Note and Mortgage as affected by the Modification, Lantini was obligated to make monthly principal and interest payments together with a monthly escrow payment as computed by the mortgagee sufficient to pay real estate taxes and hazard insurance premiums in connection with the Property through the September 1, 2035 maturity date of the Loan.

14.     Lantini filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island, Case No. 14-BK-11757 on July 31, 2014 ("Bankruptcy Case") listing his street address as 94 Taylor Drive, North Smithfield, RI.

15.     On August 25, 2014 Lantini filed a Chapter 7 Individual Debtor's Statement of Intention in the Bankruptcy Case and checked the box that said he would surrender the Property to Ocwen and checked the box stating the Property was not exempt under 11 U.S.C. §522(b)(2)

(the "Surrender").   A true and accurate copy of Lantini's Chapter 7 Individual Debtor's Statement of Intention is attached hereto as Exhibit 5.

16.     Lantini received a Chapter 7 discharge on October 28, 2014 and no longer has any personal liability to make payments under the Note. Plaintiff is only seeking to exercise its in rem rights as to the Property.

17.     Lantini is estopped from challenging the Plaintiff's foreclosure proceedings on account of the Surrender elected in his previous bankruptcy case.

18.     Lantini has defaulted in the monthly payment obligations due under the Note and the Mortgage as affected by the Modification and his mortgage account with Ocwen, as servicer of the Loan for U.S. Bank, is now due for the November 1, 2013 payment ("Date of Default") together with all subsequently accrued but unpaid installments.

19.     On July 22, 2016, U.S. Bank, through its attorneys, Korde & Associates, P.C., sent Lantini Notices of Default via certified and first class mail. True and accurate copies of said Notices are attached hereto as Exhibit 6.

20.     The default set forth in the July 22, 2016 Notices of Default was never cured. A true and accurate copy of the payment history maintained by Ocwen in connection with subject mortgage loan is attached hereto as Exhibit 7.

21.     On August 25, 2016, U.S. Bank, through its attorneys, Korde & Associates, P.C., sent Lantini Notices of Acceleration via certified and first class mail. True and accurate copies of said Notices are attached hereto as Exhibit 8.

**COUNT I**

FOR DECLARATORY JUDGMENT THAT THE MEDIATION
STATUTE DOES NOT APPLY TO THE MORTGAGE

22.     U.S. Bank re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-21 above.

23.     Upon information and belief, Lantini has maintained his principal residence at 94 Taylor Drive, North Smithfield, RI ("Taylor Drive") since 2007 and not at the Property.

24.     Lantini failed to make the required monthly payment due under the Note and Mortgage on November 1, 2013 and on each successive month thereafter though the filing date of this complaint.

25.     At all times during the 120-day period immediately following November 1, 2013 ("Date of Default'), Lantini was and still remains the sole record owner of the Property and maintained and continues to maintain his principal residence at Taylor Drive. The aforesaid 120-day period is hereinafter referred to as the "Relevant Default Period".

26.     R.I. Gen. Laws §34-27-3.2 (the "Mediation Statute") applies to a "mortgage" which is "an individual consumer first-lien mortgage on any <u>owner-occupied</u>, one (1)- to four (4)- unit residential property <u>that serves as the mortgagor's primary residence</u> (<u>emphasis added</u>). See R.I. Gen. Laws §34-27-3.2(c)(7).  In furtherance of the foregoing, §34-27-3.2(k) states that "[t]his section shall apply only to foreclosure of mortgages on owner-occupied, residential real property with no more than four (4) dwelling units that is the primary dwelling of the mortgagor and not to  mortgages secured by other real property."

27.     U.S. Bank seeks a declaratory judgment pursuant to R.I. Gen. Laws §9-30-1, et seq. that the Mediation Statute, and particularly the requirements set forth in subsection (d) thereof, including that the mortgagee mail a notice of mediation conference to the mortgagor

prior to initiating foreclosure of the Mortgage pursuant to R.I. Gen. Laws §34-27-4(b), do not apply to the Mortgage because the Defendant, Lantini, did not reside at the Property during the Revelant Default Period or at any time thereafter.

**COUNT II**
FOR DECLARATORY JUDGMENT

28.     U.S. Bank re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-21 above.

29.     In the alternative to the relief sought in Count I hereof U.S. Bank seeks a judgment from this Court declaring that (a) U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust, Mortgage Pass-Through Certificates, Series 2005-5, is the holder of the Note and holder of the Mortgage and is the entity entitled to enforce the default remedies provided for in the Note and Mortgage, including exercise of the power of sale provided for therein (see paragraph 22 of the Mortgage) and (b) that the Defendant, Gilbert Lantini, II, is in default of his obligations set forth in the Note and Mortgage.

**COUNT III**

FOR DECREE BARRING ALL RIGHTS OF REDEMPTION
AND VESTING TITLE IN THE PLAINTIFF FREE OF ALL CLAIMS

30.     U.S. Bank re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-21 above.

31.     U.S. Bank seeks a decree of this Court pursuant to R.I. Gen. Laws § 34-27-1 (a) forever barring any rights of redemption which the Defendant may have under the terms of the Mortgage and (b) vesting title to the Property in favor of the Plaintiff, U.S. Bank, free of any and all right, title, interest or claim of the Defendant to this action.

**COUNT IV**

FOR AN ORDER OF SALE

32.     U.S. Bank re-alleges and incorporates by reference the allegations contained in paragraphs 1-21 above.

33.     In the alternative to the relief sought in Count III hereof, U.S. Bank seeks an order of this Court pursuant to R.I. Gen. Laws §34-27-1 or otherwise authorizing and directing U.S. Bank to sell the property at public sale or by such other means and subject to such terms and conditions as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the Defendants and otherwise free of any and all other rights, title, interests or claims of each of the several Defendants to this action. In relation thereto, U.S. Bank further seeks an order allowing it to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale.

WHEREFORE, U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust, Mortgage Pass-Through Certificates, Series 2005-5 ("U.S. Bank") requests that the Court:

(a)     Given the equitable nature of  a proceeding brought pursuant to R.I. Gen. Laws §34-27-1 the Plaintiff prays that in the event the Defendant, Gilbert Lantini, II, should appear in this action at any time prior to entry of a default against him, the Court enter an order staying proceedings in the case for a period of sixty (60) days to afford the Defendant an opportunity to submit a completed application for loss mitigation to the Plaintiff and for the Plaintiff, in turn, to render a determination of the Defendant's eligibility (or lack thereof) for any available foreclosure alternatives based on such application unless such Defendant should affirmatively

decline in a pleading or other document filed with the Court that he does not wish to submit such an application.

(b)    Issue a judgment declaring that the provisions of  R.I. Gen. Laws §34-27-3.2(d) do not apply to the Mortgage and that U.S. Bank may proceed to conduct a foreclosure sale of the Property in accordance with the requirements of R.I. Gen. Laws §34-27-4(b) without having to send a notice of mediation conference to the Defendant, Lantini, because the Property was not his principal residence during the Relevant Default Period;

(c)    In the alternative to the relief sought in the preceding paragraph, issue a judgment determining that the Defendant, Gilbert Lantini, II, is in default of his obligations under the terms of the Note and Mortgage;

(d)    Issue a judgment determining that the Plaintiff, U.S. Bank, is the present holder of the note and the present holder of the mortgage and entitled to enforce the default remedies provided for therein;

(e)    Issue a decree forever barring the Defendants exercise of any rights of redemption, if any, provided for in the Mortgage and/or by operation of law and vesting title to the Property in the Plaintiff, U.S. Bank, free of any and all right, title, interest or claim of the Defendant or any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Town of Johnston Land Evidence Records;

(f)     In the alternative to the relief sought in the preceding paragraph (e), issue an order  authorizing and directing the Plaintiff to sell the Property at public sale or by such other means and upon such notice and to such persons as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of

redemption on the part of the Defendants and otherwise free of any and all other rights, title, interest or claim of the Defendant to this action or any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Town of Johnston Land Evidence Records;

      (g)    Authorize the Plaintiff to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale; and

      (h)    Grant such other and further relief as the Court deems just and proper.


April 7, 2017                      Respectfully Submitted,

U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust, Mortgage Pass-Through Certificates, Series 2005-5,
By its Attorney,


/s/ Catherine V. Eastwood
Catherine V. Eastwood, Esq., RI# 6406
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500 (ext. 249)
ceastwood@kordeassociates.com