**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE REGISTERED
HOLDERS OF AEGIS ASSET BACKED
SECURITIES TRUST, MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2005-5,

        **Plaintiff,**

v.                                                              **CASE No. 17-cv-00141-WES-PAS**

GILBERT LANTINI, II; PROVIDENCE
WATER SUPPLY BOARD ACTING BY
AND THROUGH THE CITY OF
PROVIDENCE,

        **Defendants.**     /

**STATEMENT OF UNDISPUTED MATERIAL FACTS**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff, U.S. Bank National Association, as Trustee for the Registered Holders of Aegis

Asset Backed Securities Trust, Mortgage Pass-Through Certificates, Series 2005-5 (U.S. Bank),

hereby submits the following statement of undisputed material facts in support of its motion for

summary judgment pursuant to Fed. R. Civ. P. 56.

**Statement of Undisputed Material Facts**

1.      Plaintiff, U.S. Bank National Association, as Trustee for the Registered Holders of

Aegis Asset Backed Securities Trust, Mortgage Pass-Through Certificates, Series 2005-5 ("U.S.

Bank"), is a national bank chartered and existing under the laws of the United States of America,

with a principal place of business at 425 Walnut Street, Cincinnati, OH 45202. Complaint, ¶ 1. A

true and accurate copy of the Office of the Comptroller of the Currency (OCC) Official

Website/Webpage for Financial Institution Lists regulated by the OCC is attached to the Affidavit

of Walter H. Porr, Jr. (Porr Affidavit), as Exhibit 1. Porr Affidavit, ¶ 2. A copy of the page from

the list for National Bank & Federal Branches and Agencies active as of 11/30/2017 downloaded from the Financial Institution Lists website which identifies U.S. Bank National Association as a National/Federally Chartered Bank is attached to the Affidavit of Walter H. Porr, Jr., as Exhibit 2. Porr Affidavit, ¶ 2. A copy of the Federal Deposit Insurance Corporation Official Website/Webpage which also identifies U.S. Bank National Association as a National/Federally Chartered Bank is attached to the Affidavit of Walter H. Porr, Jr., as Exhibit 3. Porr Affidavit, ¶ 3.

2. Defendant, Gilbert Lantini, II (Lantini), is an individual who resides at 94 Taylor Drive, North Smithfield, RI 02896. Complaint, ¶ 2; Answer, ¶ 2, Admitted. See also Complaint, ¶ 23; Answer, ¶ 23, Admitted; and Complaint, ¶ 25; Answer, ¶ 25, Admitted. See *Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006) ("Facts admitted in an answer, as in any pleading, are judicial admissions that bind the defendant throughout this litigation.").

3. Lantini acquired title to the Property known as 2075 Plainfield Pike, Johnston, Rhode Island (the "Property") by Warranty Deed dated August 6, 2004, and recorded with the Town of Johnston Land Evidence Records (the "LER") on the same day in Book 1443, Page 186. Complaint, ¶ 6; Answer, ¶ 6, Admitted. See *Gibbs, supra.*

4. Lantini secured a mortgage loan from Aegis Funding Corporation on August 23, 2005 (the "Loan"). Complaint, ¶ 7; Answer, ¶ 7, Admitted. See *Gibbs, supra.*

5. This mortgage loan is evidenced by a promissory note in the original principal amount of $264,000.00 dated August 23, 2005, given by Lantini to Aegis Funding Corporation (the "Note"). The Note contains a special indorsement by Aegis Funding Corporation to Aegis Mortgage Corporation and a further indorsement in blank by Aegis Mortgage Corporation. U.S. Bank is the holder of the Note and it or its designated document custodian has physical possession

of the Note. A true and accurate copy of the Note is attached to the Complaint as Exhibit 1. Complaint, ¶ 8; Answer, ¶ 8, Denied. Defendant Lantini's denial of this allegation fails to create a triable issue of material fact for the following reasons:

First, Lantini admits that he "secured a mortgage loan from Aegis Funding Corporation on August 23, 2005 (the "Loan")." Complaint, ¶ 7; Answer, ¶ 7, Admitted. See *Gibbs, supra.*

Second, Lantini further admits that "[t]he Note is secured by a mortgage given by Lantini to Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Aegis Funding Corporation, encumbering the Property in the original principal amount of $264,000.00 dated August 23, 2005 and recorded with the LER on August 29, 2005, in Book 1609, Page 272 (the "Mortgage"). A certified copy of the Mortgage is attached to the Complaint as Exhibit 2. Complaint, ¶ 9; Answer, ¶ 9, Admitted. See *Gibbs, supra.*

The Mortgage states in relevant part as follows:

DEFINITIONS

(E) "Note" means the promissory note signed by the Borrower and dated August 23, 2005. The Note states that the Borrower owes Lender TWO HUNDRED SIXTY-FOUR THOUSAND and NO/100----Dollars (U.S. $ 264,000.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than September 1, 2035.

(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under the Security Instrument, plus interest.

(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. . . .

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.

2. Application of Payments or Proceeds.

[Both Section 1 and 2 of the Mortgage explicitly address payments on the Note.]

17. Borrower's Copy. Borrower shall be given one copy of the Note and of this Security Instrument.

19. Borrower's Right to Reinstate After Acceleration.

[Discusses terms and conditions under which Borrower may reinstate after the payments due under the Note have been accelerated.]

20. Sale of Note; Changes of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. . . .

Third, Lantini also admits that "Ocwen Loan Servicing, LLC ("Ocwen"), as servicer of the Loan for U.S. Bank, entered into a Loan Modification Agreement with Lantini with an effective date of March 1, 2011 (the "Modification"). A true and accurate copy of the Modification is attached to the Complaint as Exhibit 4. Complaint, ¶ 12; Answer, ¶ 12, Admitted. See *Gibbs, supra*.

The Home Affordable Modification Agreement states in relevant part as follows:

. . . this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Page 1, first paragraph.

1.      My Representations. I certify, represent to Servicer and Agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, . . .

    C. There has been no change in the ownership of the Property since I signed the Loan Documents.

3.      The Modification. . . . The Loan Documents will be modified and the first modified payment will be due on 3/1/2011.

    B. The modified Principal balance of my Note will include . . . The new Principal balance of my Note will be $293,006.29 (the "New Principal Balance").

    C. $79,606.29 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and will be treated as a non-interest bearing principal forbearance. . . . [The balance of the paragraph concerns periodic reductions of the Deferred Principal Balance of the Note.]

I further understand that, provided I am not in default under the terms of this Agreement and I pay the Note in full . . .

4.      Additional Agreements. I agree to the following:

    A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, . . .

F. ***That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.*** [Bold and italic added for emphasis.]

G. ***That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect***; . . . [Bold and italic added for emphasis.]

K. That, as of the Modification Effective Date, any provision in the Note, as amended, for the assessment of a penalty for full or partial payment of the Note is null and void.

L/M Corrections and Omissions. You agree to execute such other documents and further documents as may be reasonably necessary to consummate the transactions contemplated herein or to perfect the liens and security interests intended to secure the payment of the loan evidenced by the Note. . . .

Fourth, Counsel for U.S. Bank has temporary physical custody of the original Note and will produce the same at any hearing on the motion for summary judgment. Mere production of a note establishes prima facie authenticity and is sufficient to make a promissory note admissible. *United States v. Carriger*, 592 F.2d 312, 316-17 (6th Cir.1979). See also *In re Sagamore Partners, Ltd.*, No. 11-37867-BKC-AJC, 2012 WL 3564014, at * 6 n.28 (S.D. Fla. Aug. 17, 2012) (promissory notes and mortgages are self-authenticating). Finally, pursuant to Fed. R. Evid. 902: "The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted: (9) *Commercial Paper and Related Documents*. Commercial paper, a signature on it, and related documents, to the extent allowed by general commercial law."

6.	The Note is secured by a mortgage given by Lantini to Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Aegis Funding Corporation, encumbering the Property in the original principal amount of $264,000.00 dated August 23, 2005 and recorded with the LER on August 29, 2005, in Book 1609, Page 272 (the "Mortgage").  A certified copy of the Mortgage is attached to the Complaint as Exhibit 2.  Complaint, ¶ 9; Answer, ¶ 9, Admitted.  See *Gibbs, supra.*

7.	Lantini's mortgage loan was securitized on pursuant to the Pooling and Servicing Agreement Dated as of October 1, 2005, by and among AEGIS ASSET BACKED SECURITIES CORPORATION, a Delaware corporation, as depositor (the "Depositor"), AEGIS MORTGAGE CORPORATION, a Delaware corporation, as seller (the "Seller"), WELLS FARGO BANK, N.A., as master servicer (in such capacity, the "Master Servicer"), securities administrator (in such capacity, the "Securities Administrator") and custodian (in such capacity, the "Custodian"), OCWEN LOAN SERVICING, LLC, as servicer (together with any successor in interest, the "Servicer"), MORTGAGERAMP, INC., as credit risk manager (the "Credit Risk Manager"), and WACHOVIA BANK, NATIONAL ASSOCIATION, as trustee (the "Trustee").  Porr Affidavit, ¶¶ 4, and Exhibits 4 and 5 thereto, and more particularly Exhibit 5, Pooling and Servicing Agreement Dated as October 1, 2005 and Sections 2.1(a) and (c) and Section 2.2 thereof.

8.	The Mortgage was assigned by the mortgagee of record, Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Aegis Funding Corporation, to the Plaintiff, U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust, Mortgage Pass-Through Certificates, Series 2005-5, by assignment dated May 12, 2010 and recorded with the LER on May 26, 2010 in Book 2073, Page 9.  A certified copy of the Assignment is attached to the Complaint as Exhibit 3.  The Court is requested to take

judicial notice of the Assignment pursuant to Fed. R. Evid. 201(b)(2), (c)(2) and (d). The Assignment is self-authenticating pursuant to Fed. R. Evid. 902(4)(A). The Assignment is admissible pursuant to Fed. R, Evid. 1005.

9.　　Ocwen Loan Servicing, LLC ("Ocwen"), as servicer of the Loan for U.S. Bank, entered into a Loan Modification Agreement with Lantini with an effective date of March 1, 2011 (the "Modification"). A true and accurate copy of the Modification is attached to the Complaint as Exhibit 4. Complaint, ¶ 12; Answer, ¶ 12, Admitted. See *Gibbs, supra*.

10.　　Under the terms of the Note and Mortgage as affected by the Modification, Lantini was obligated to make monthly principal and interest payments together with a monthly escrow payment as computed by the mortgagee sufficient to pay real estate taxes and hazard insurance premiums in connection with the Property through the September 1, 2035, maturity date of the Loan. Complaint, ¶ 13; Answer, ¶ 13, Admitted. See *Gibbs, supra*.

11.　　Lantini filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island, Case No. 14-BK-11757 on July 31, 2014 ("Bankruptcy Case") listing his street address as 94 Taylor Drive, North Smithfield, RI. Complaint, ¶ 14; Answer, ¶ 14, Admitted. See *Gibbs, supra*.

12.　　On August 25, 2014, Lantini filed a Chapter 7 Individual Debtor's Statement of Intention in the Bankruptcy Case and checked the box that said he would surrender the Property to Ocwen and checked the box stating the Property was not exempt under 11 U.S.C. §522(b)(2) (the "Surrender"). A true and accurate copy of Lantini's Chapter 7 Individual Debtor's Statement of Intention is attached to the Complaint as Exhibit 5. Complaint, ¶ 15; Answer, ¶ 15, Admitted. See also Answer, ¶ 17, "Admitted the Defendant Surrendered." See *Gibbs, supra*.

13.     Lantini received a Chapter 7 discharge on October 28, 2014, and no longer has any personal liability to make payments under the Note.  Plaintiff is only seeking to exercise its in rem rights as to the Property.  Complaint, ¶ 16; Answer, ¶ 16, Admitted.  See *Gibbs, supra.*

14.     Lantini has defaulted in the monthly payment obligations due under the Note and the Mortgage as affected by the Modification and his mortgage account with Ocwen, as servicer of the Loan for U.S. Bank, is now due for the November 1, 2013 payment ("Date of Default") together with all subsequently accrued but unpaid installments.  Complaint, ¶ 18; Answer ¶ 18, "Admit that Defendant is delinquent."  See also Complaint, ¶ 24; Answer ¶ 24, Admitting that "Lantini failed to make the required monthly payment due under the Note and Mortgage on November 1, 2013 and on each successive month thereafter through the filing date of this complaint."  See *Gibbs, supra.*

15.     On July 22, 2016, U.S. Bank, through its attorneys, Korde & Associates, P.C., sent Lantini and his Attorney, John Ennis, Notices of Default via certified and first class mail.  True and accurate copies of said Notices are attached to the Complaint as Exhibit 6.  Complaint, ¶ 19.  See Affidavit of Susan W. Cody (Cody Affidavit), ¶ 4.

16.     At the time the Notices of Default were sent, Receipts for Certified Mail were received from the Post Office and uploaded into the Case Management System (CMS) for Korde & Associates, P.C.  These Receipts, together with USPS Tracking Results for each Notice sent by certified mail, are attached to the Cody Affidavit as Exhibit 1.  Cody Affidavit, ¶ 5.

17.     The USPS Tracking Results indicate that the Notice of Default sent to Attorney Ennis was delivered on July 25, 2016, and that the Notice of Default sent to the Borrower at the 23 Rotary Drive, Johnson, RI address was delivered on July 26, 2016.  See Cody Affidavit, Exhibit 1.  Cody Affidavit, ¶ 6.

18.     The default set forth in the July 22, 2016, Notices of Default was never cured.  A true and accurate copy of the payment history maintained by Ocwen in connection with subject mortgage loan is attached to the Complaint as Exhibit 7.  Complaint, ¶ 20; Answer, ¶ 20, Denied.  But see Complaint, ¶ 18; Answer ¶ 18, "Admit that Defendant is delinquent."  See also Complaint, ¶ 24; Answer ¶ 24, Admitting that "Lantini failed to make the required monthly payment due under the Note and Mortgage on November 1, 2013 and on each successive month thereafter through the filing date of this complaint."  See *Gibbs, supra*.

19.     On August 25, 2016, U.S. Bank, through its attorneys, Korde & Associates, P.C., sent Lantini, and his Attorney, John Ennis, Notices of Acceleration via certified and first class mail. True and accurate copies of said Notices are attached to the Complaint as Exhibit 8.  Complaint, ¶ 20.  Cody Affidavit, ¶ 7.

20.     At the time the Notices of Acceleration were sent, Receipts for Certified Mail were received from the Post Office and uploaded into CMS.  These Receipts, together with USPS Tracking Results for each Notice sent by certified mail, along with the returned Return Receipt from the Notice sent to Attorney Ennis, are attached to the Cody Affidavit as Exhibit 2.  Cody Affidavit, ¶ 8.

21.     The USPS Tracking Results indicate that the Notice of Acceleration sent to the Borrower at the 23 Rotary Drive, Johnson, RI address was delivered on August 27, 2016, and that the Notice of Acceleration sent to Attorney Ennis was delivered on August 29, 2016.  The returned green card for the Notice of Acceleration sent to Attorney Ennis was received by the Firm and scanned into CMS on September 1, 2016.  See Cody Affidavit, Exhibit 2.  Cody Affidavit, ¶ 9.

Dated:  March 16, 2018.

Respectfully Submitted,

U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust, Mortgage Pass-Through Certificates, Series 2005-5,
Plaintiff,
By its Attorney,


/s/ Walter H. Porr, Jr., Esq.
Walter H. Porr, Jr., Esq., RI Bar # 8967
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500 (ext. 263)
wporr@kordeassociates.com


## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2018, I caused this document to be filed through the electronic filing system with electronic service completed on all parties registered therein to receive notice in this case.

The document electronically filed and served is available for viewing and/or downloading from the United State District Court for the District of Rhode Island's Electronic Case Filing System.


/s/ Walter H. Porr, Jr., Esq.
Walter H. Porr, Jr., Esq.,