UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
U.S. BANK NATIONAL ASSOCIATION,    )
as Trustee for the Registered      )
Holders of Aegis Asset Backed      )
Securities Trust, Mortgage         )   C.A. 17-141 WES
Pass-Through Certificates,         )
Series 2005-5,                     )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )
                                   )
GILBERT LANTINI II,                )
                                   )
        Defendant.                 )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 12). This is a judicial foreclosure action concerning the property located at 2075 Plainfield Pike, Johnston, Rhode Island, acquired by Defendant Gilbert Lantini II in 2004. In the face of Defendant's opposition, the scope of Plaintiff's motion has morphed in substance if not form.[1] Plaintiff now seeks summary judgment only on Count I, which seeks a declaratory judgment that

---

[1] Plaintiff's motion initially sought summary judgment on all three counts of the Complaint. In response to the Defendant's opposition memorandum, Plaintiff's sought—and the Court allowed—leave to file an Amended Complaint (ECF No. 27). In its reply memorandum, Plaintiff withdrew its arguments for summary judgment on all counts except for Count I. See Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. for Summ. J. 2, ECF No. 32.

1

the Rhode Island Foreclosure Mediation Statute, R.I. Gen. Laws § 34-27-3.2, does not apply to this action.[2] For the reasons stated herein, Plaintiff's Motion for Summary Judgment is GRANTED IN PART.

I. Discussion

Summary judgment may be granted if the movant demonstrates there is an "absence of any genuine issue of material fact." Borges ex rel. S.M.B.W. v. Seranno-Isern, 605 F.3d 1, 5 (1st Cir. 2010)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the movant satisfies this burden, the nonmovant must produce "significant[ly] probative" evidence demonstrating that "a trier of fact could reasonably resolve that issue in [its] favor." Id. If the nonmovant fails to do so, summary judgment is appropriate. Id.

Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaration that R.I. Gen. Laws § 34-27-3.2 is inapplicable here. The statute's express purpose is to "provid[e] a uniform standard for an early HUD-approved, independent counseling process in owner-occupied principal residence mortgage foreclosure cases, [so] the chances of achieving a positive outcome for homeowners and lenders will be enhanced." R.I. Gen. Laws § 32-27-3.2(b) (emphasis added). Thus, the statute's mandatory mediation provisions are triggered

---

[2] The Amended Complaint's allegations are identical to those in the original Complaint. The Court therefore construes Plaintiff's motion as a request for summary judgment on Count I of the amended complaint.

only if the property being foreclosed upon is a "principal residence" or "primary dwelling." Id., id. § 32-27-3.2(k).

The Plaintiff argues that the Defendant has admitted that the Plainfield Pike property is not his principal residence.[3] See Compl. ¶¶ 23-27, ECF No. 1; Ans. ¶¶ 23-27, ECF No. 8. In opposition, the Defendant produces no evidence from which the Court might reasonably conclude that this fact is genuinely disputed. The Defendant instead noted a technical error, arguing that Plaintiff's pleadings incorrectly requested declaratory relief under an inapplicable Rhode Island statute rather than 28 U.S.C. § 2201. See Def's Opp'n to Mot. for Summ. J. 2, ECF No. 22-1. The Defendant acknowledged, however, that relief under 28 U.S.C. § 2201 would be proper, see id. at 1-2, and Plaintiff corrected this flaw in its Amended Complaint. See Am. Compl. ¶ 25, ECF No. 30. The Defendant has made no attempt to muster any facts to rebut the Plaintiff's evidence.[3] The Court therefore finds that R.I. Gen. Laws § 34-27-3.2, including the requirements of subsection (d) of

---

[3] Defendant has not answered the Amended Complaint. His Answer to the original pleadings is nevertheless admissible evidence. See Huey v. Honeywell, Inc., 82 F.3d 327, 333 (9th Cir. 1996)("Despite the fact that [Defendant] later amended its answers to deny this allegation, [Defendant]'s admissions are still admissible evidence, though not conclusive, like any other extrajudicial admission made by a party or its agent."). Defendant did not object to Plaintiff's Motion to Amend, and has had ample opportunity to seek leave to expand upon his objections to summary judgment on Count I. See Text Order, Feb. 1, 2019 (noting Plaintiff's Motion to Amend was unopposed). He has not done so.

3

that statute, are inapplicable here and that the Plaintiff is entitled to summary judgment on Count I of the Amended Complaint. See Borges, 605 F.3d at 5–6.

II. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (ECF No. 12) is GRANTED IN PART. With respect to Count I of the Plaintiff's Amended Complaint, the Court finds that, to proceed with a foreclosure sale in accordance with the requirements of R.I. Gen. Laws § 34-27-4(b), the Plaintiff is not required to send a notice of mediation conference to the Defendant because the Plainfield Pike property was not his principal residence during the relevant default period. The Plaintiff's Motion for Summary Judgment is otherwise DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: March 6, 2019